UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA ROSA MEMORIAL HOSPITAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MAXWELL-JOLLY, Director of the California Department of Health Care Services, <br><br> Defendant. | Case No. 08-5173 SC <br><br> ORDER DENYING APPLICATION FOR BOND <u>AND STAY</u> |

By letter dated December 10, 2009, Defendant Maxwell-Jolly, Director of the California Department of Health Care Services ("Defendant" or "DHCS") requested that Plaintiffs post a bond and that the Court stay its preliminary injunction pending the submission of evidence and argument on the amount of the bond. Docket No. 84.  On December 11, 2009, Plaintiffs filed an Opposition.  Docket No. 85.  On December 14, 2009, Defendant submitted a Reply.  Docket No. 86.  Having considered the papers submitted, the Court DENIES Defendant's request for a bond and a stay.

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been

wrongfully enjoined . . . ." Fed. R. Civ. P. 65(c).  Although the rule speaks in mandatory terms, some courts recognize an exception to the bond requirement for cases involving the enforcement of "public interests" arising out of "comprehensive federal health and welfare statutes."  Pharm. Soc'y v. New York State Dep't of Social Servs., 50 F.3d 1168, 1174-75 (2d Cir. 1995); see also Temple Univ. v. White, 941 F.2d 201, 220 (3rd Cir. 1991) (upholding waiver of bond requirement where hospital brought suit to ensure Pennsylvania complied with Medicaid Act).

In Independent Living Center of Southern California, Inc. v. Maxwell-Jolly, the Court of Appeals for the Ninth Circuit upheld a district court order preliminarily enjoining the DHCS from reducing Medi-Cal reimbursements to a group of pharmacies, health care providers, senior citizens' groups, and beneficiaries of the State's Medicaid program.  572 F.3d 644, 648 (9th Cir. 2009).  In California Pharmacists Association v. Maxwell-Jolly, the Court of Appeals for the Ninth Circuit granted a stay pending appeal of Medi-Cal reimbursement reductions to a group of plaintiffs including pharmacies and hospitals.  563 F.3d 847, 849 (9th Cir. 2009)  In both cases, no bond was required.

///
///
///
///
///
///
///

2

In this case, the Plaintiffs are non-contract hospitals in the State of California. Docket No. 68 ("Order Granting Prelim. Inj.") at 2-3, 12-13. The Court has found that Plaintiffs have shown a likelihood of success on the merits of their claim that the Medi-Cal reimbursement rate reductions at issue violate federal law. Id. at 4-11. The Court has found that these Medi-Cal reimbursement reductions result in irreparable harm. Id. at 11-13. The Court has found that the balance of equities and the public interest weigh in favor of preliminarily enjoining the DHCS from reducing Medi-Cal reimbursements to Plaintiffs. Id. at 13-14. The Court, in the exercise of its discretion, declines to require Plaintiffs to post a bond.

IT IS SO ORDERED.

Dated: December 16, 2009

UNITED STATES DISTRICT JUDGE

3