**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                                        ) Case No. CV 08-5173 SC
                                         )
9                                        )
    SANTA ROSA MEMORIAL HOSPITAL, et )    ORDER DENYING PLAINTIFFS'
10  al.,                                 ) MOTION TO DISMISS
                                         )
11                  Plaintiffs,          )
                                         )
12         v.                            )
                                         )
13  DAVID MAXWELL-JOLLY, Director        )
    of the California Department of      )
14  Health Care Services,               )
                                         )
15                  Defendant.           )
                                         )
16  _____ )

17

18         Now before the Court is the above-captioned Plaintiffs' motion

19  to voluntarily dismiss their case without prejudice.  ECF No. 117

20  ("Mot.").  Defendant Toby Douglas,[1] Director of the California

21  Department of Health Care Services ("DHCS"), opposes the motion.

22  ECF No. 118 ("Opp'n").  The matter is fully briefed, ECF No. 120

23  ("Reply"), and appropriate for decision without oral argument, Civ.

24  L.R. 7-1(b).

25         Ruling on this motion requires some procedural background,

26  since this case's posture has changed drastically after several

27  _____

28  [1] Mr. Douglas's predecessor, David Maxwell-Jolly, is named in the
    caption, but Mr. Douglas is now the Director of DHCS.

**United States District Court**
For the Northern District of California

1    intervening appellate rulings and agency actions.

2        Plaintiffs filed this case in November 2008.  They moved for a

3    preliminary injunction barring DHCS from prospectively implementing

4    a 10 percent Medi-Cal payment reduction enacted pursuant to

5    California Assembly Bill 5 2008 ("AB 5").  The undersigned granted

6    that motion based on then-standing Ninth Circuit law, which held

7    that the federal Medicaid Act required states to conduct cost

8    studies before reducing Medicaid reimbursements -- studies the

9    state did not conduct pursuant to the law at that time.  ECF No. 68

10   ("PI Order") at 4-10.  DHCS appealed, and the Ninth Circuit

11   affirmed in May 2010, ECF No. 92 ("USCA Mem."), after which DHCS

12   filed a petition for certiorari before the Supreme Court.  The

13   Supreme Court granted that petition in January 2011.  ECF No. 104

14   ("Cert.").  In October 2011, while DHCS's Supreme Court case was

15   still pending, the Centers for Medicare and Medicaid Services

16   ("CMS"), divisions of the federal Department of Health and Human

17   Services ("HHS"), approved California's Medicaid State Plan

18   Amendment ("SPA") concerning the rate reductions that Plaintiffs

19   challenged in this case.

20       The question presented to the Supreme Court in DHCS's case,

21   Douglas v. Independent Living Center of Southern California, Inc.,

22   132 S. Ct. 1204 (2012), was "whether Medicaid providers and

23   recipients may maintain a cause of action under the Supremacy

24   Clause to enforce a federal Medicaid law -- a federal law that, in

25   their view, conflicts with (and pre-empts) state Medicaid statutes

26   that reduce payments to providers."  Id. at 1207.

27       The Supreme Court did not specifically rule on that question,

28   because it held that CMS's intervening approval of the SPA changed

**United States District Court**
For the Northern District of California

1  the case's posture such that decision on the merits was

2  inappropriate at that time.  See id. at 1210-12.  The Court

3  expressed some doubt that Plaintiffs could succeed on a Supremacy

4  Clause cause of action, suggesting that, under the circumstances, a

5  case brought against the federal agency under the Administrative

6  Procedure Act ("APA"), 5 U.S.C. § 701 et seq., would be more apt

7  after the agency had acted.  Id.  The Supreme Court therefore

8  remanded to the Ninth Circuit the question of whether the

9  plaintiffs could proceed under the Supremacy Clause after the

10  agency had made a final decision.  Id. at 1211.  Justice Roberts,

11  in dissent, would have held directly that the Supremacy Clause does

12  not supply a private right of action under its own force when

13  Congress did not create such a right by statute.  Id. at 1213-14

14  (Roberts, J., dissenting).

15      On remand, in January 2014, the Ninth Circuit reversed the

16  Court's preliminary injunction order.  Santa Rosa Mem'l Hosp. v.

17  Douglas, -- Fed. App'x --, 2014 WL 68485 (9th Cir. Jan. 9, 2014).

18  Rather than ruling on the Supremacy Clause issue, the Ninth Circuit

19  based its reversal on the fact that the cost studies requirement,

20  which was the basis of the undersigned's PI Order, had been

21  overruled during the pendency of Plaintiffs' appeal in Managed

22  Pharmacy Care v. Sebelius, 716 F.3d 1235 (9th Cir. 2013).  Managed

23  Pharmacy Care involved both Supremacy Clause and APA claims against

24  state and federal agencies.  Id. at 1243-44.  The Ninth Circuit

25  held that HHS's reasonable final decision to approve the SPA had

26  foreclosed both claims.  Id.  The Ninth Circuit did not

27  specifically rule on whether there could be a right of action under

28  the Supremacy Clause after HHS had acted, though like the Supreme

1   Court, it doubted whether such a claim could succeed.  Id. at 1252.

2       Plaintiffs evidently understand that this line of precedent is

3   adverse to their present claim.  They now contend that their case

4   is futile in its current posture, and that it is best brought as an

5   APA action against CMS, though they also seek to pursue a state

6   court action against DHCS.  See Reply at 5-6.  However, despite the

7   Ninth Circuit's instructions on remand -- to decide the issue of

8   what impact CMS approval has on the propriety of granting

9   Plaintiffs a preliminary injunction in a Supremacy Clause case --

10  the merits of Plaintiffs' case are still not yet before the Court.

11  Plaintiffs now ask the Court to grant an order under Federal Rule

12  of Civil Procedure 41(a)(2) voluntarily dismissing this case

13  without prejudice.  Mot. at 1-2.

14      Plaintiffs made the same request of the Ninth Circuit.  Santa

15  Rosa Mem'l Hosp., 2014 WL 68485, at *2.  The Ninth Circuit held

16  that it could not decide Plaintiffs' request for dismissal while an

17  appeal of a preliminary injunction was before it.  Id.  But if it

18  could have decided that request, the Ninth Circuit stated, it would

19  have denied it, since it appeared that Plaintiffs sought dismissal

20  "in an attempt to deny DHCS a sovereign immunity defense, to evade

21  a federal forum for the litigation of federal issues after final

22  action by a federal agency, and to avoid adverse rulings by federal

23  courts interpreting federal law."  Id. (citing Westlands Water

24  Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996); Kern Oil &

25  Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1389-90 (9th Cir.

26  1986)).

27      In their present motion to voluntarily dismiss their case

28  without prejudice, Plaintiffs urge the Court not to follow the

United States District Court
For the Northern District of California

1   Ninth Circuit's suggestions, reminding the Court that the
2   statements were dicta, and that the Ninth Circuit did not actually
3   rule on the dismissal issue.  Reply at 2.  The Court is aware.
4   Even so, the Ninth Circuit is correct.

5       Plaintiffs contend that they are not trying to evade a federal
6   forum for the litigation of federal issues, because as the Supreme
7   Court (both majority and dissent) noted in Douglas, and as Managed
8   Pharmacy Care implies, Plaintiffs' Supremacy Clause suit against
9   DHCS is effectively foreclosed at this point.  Reply at 4 ("[T]he
10  existing litigation . . . is now pointless and futile.").  But the
11  Ninth Circuit remanded this case to the undersigned to determine,
12  as a legal matter, whether Plaintiffs could bring a Supremacy
13  Clause case (a federal issue) in this court (a federal forum) after
14  CMS's decision on the SPA (a final decision by a federal agency).
15  The Ninth Circuit did not instruct the Court not to hear
16  Plaintiffs' claims, a holding that would have made colorable
17  Plaintiffs' contention that it is not just trying to avoid the
18  federal courts at this point.

19      The Court finds that in this posture, Plaintiffs' Rule 41
20  motion is an attempt to avoid litigating this federal issue in
21  federal court after a federal agency's final decision, as the Ninth
22  Circuit stated.  Moreover, given the legal holdings from Douglas
23  and Managed Pharmacy Care, as well as Plaintiffs' evident concern
24  that they have no way to obtain a favorable ruling on their claim
25  against DHCS, see Reply at 3-4, the Court finds that Plaintiffs are
26  seeking to avoid an adverse ruling by a federal court interpreting
27  federal law.

28      Finally, as further argument in favor of dismissal, Plaintiffs

1    contend that it would be futile for the Court to decide Defendant's

2    planned summary judgment motion.  Mot. at 5-6.  The Court declines

3    to grant Plaintiffs' motion on those grounds.  Any future summary

4    judgment motion will be determined on its merits, not Plaintiffs'

5    predictions.

6        Plaintiffs' motion for voluntary dismissal without prejudice

7    is accordingly DENIED.

8

9

10       IT IS SO ORDERED.

11

12   Dated: May 30, 2014                    

13                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California