IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA ROSA MEMORIAL HOSPITAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MAXWELL-JOLLY, Director of the California Department of Health Care Services, <br><br> Defendant. | Case No. 08-CV-5173 SC <br><br> ORDER DISMISSING COMPLAINT AND <u>ALL RELATED CLAIMS</u> |

The Court now turns to a request by Plaintiffs for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 41(a)(2), and pending motions for summary judgment. ECF Nos. 127, 129, 147, 148. Any hearing associated with the complaint, motion for voluntary dismissal, or cross-motion for summary judgment is hereby VACATED, as the Court finds the matters are appropriate for resolution without oral argument under Civil Local Rule 7-1(b).

The Court has heard from Plaintiffs who agree with the Ninth Circuit that their Section 30(A) claim should be dismissed in light of a recent decision, and also request "that the Court dismiss the other pending claims" pursuant to Fed. R. Civ. P. 41(a)(2). This request is reminiscent of the one the Court reviewed and denied in

its order dated May 30, 2014, ECF No. 124. At the time of that order, the merits were not before the Court and there was no clear guidance on whether the Supremacy Clause permitted the substantive action Plaintiffs sought to bring. The Court reasoned that had the Ninth Circuit instructed the Court not to hear Plaintiffs' claims, Plaintiffs' contention that it was not simply trying to avoid the federal courts would be colorable. It was absent such direction and in that former posture that the Court made its earlier decision.

Now, upon review of the Ninth Circuit's decision in Exceptional Child Ctr. v. Armstrong, Case No. 12-35382 (9th Cir. June 5, 2015), Dkt. No. 50, a copy of which was provided to the Court at ECF No. 147, the law is settled and the Court has a clear directive from the Ninth Circuit, who in turn received its instructions from the United States Supreme Court. There is no implied private right of action or ability for Medicaid providers to proceed in equity for enforcement under Section 30(A). See id. (explaining Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378 (2015)). The Court is cognizant, however, of speculation relating to other -- albeit unlikely -- postures this case might take (e.g., an APA case). Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Complaint under Fed. R. Civ. P. 12(b)(6) insofar as it alleges violations of Section 30(A) of the Medicare Act.

Insofar as any claim might be deemed to remain with the Court, the Court has been asked by Plaintiffs to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Such a motion is left to "the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion."

2

Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996) (internal citations omitted). However, the Court must consider whether "the defendant will suffer some plain legal prejudice as a result of the dismissal." Id. (citing Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982)). Examples of such prejudice include loss of a federal forum, the right to a jury trial, a statute-of-limitations defense, precluding rights and defenses available to a defendant in future litigation, or rendering parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. Westlands, 100 F. 3d at 97-98. Failure of the Court to consider whether attorneys' fees should be granted is reversible error, but awarding the fees is not mandatory so long as the Court duly considered the issue. Id. at 98.

Defendant argues that dismissal without prejudice would deprive the Defendant of a federal forum and favorable judgment on the merits. In support, Defendant cites Westlands and their belief that they are highly likely in the federal forum to obtain judgment against the Plaintiffs. ECF No. 145 at 7-8. In McCovey, the Court rejected claims by Defendants that they would be harmed where the case had barely progressed beyond the complaint, answer, and cross-motions, and also where Defendants failed to explain how their case would suffer as a result of Plaintiffs' case being voluntarily dismissed. See McCovey v. Astrazeneca Pharms., L.P., No. C-06-0681, 2006 U.S. Dist. LEXIS 58914, *5-*6. Here, the case has involved a complaint, answer, injunctions, and appeals which caused cross-motions for summary judgment to be stayed. While this has

3

taken a long time, the Court is satisfied that the case is closer to having "barely progressed" than being fully prepared for trial. Moreover, Defendant fails to cite any argument which would be foreclosed in our sister courts in the State of California should the federal case be dismissed without prejudice.[1]  Conclusory statements and predictions are not sufficient for the Court to overcome Plaintiffs' concerns over creating piecemeal litigation, unnecessary duplication of efforts, potentially inconsistent results, and unnecessary trouble and expense to litigants. Therefore, the Court finds the loss of a federal forum will not unduly harm the Defendant.

The Court agrees it seems unfair the Defendant has been forced to litigate for over six years in a federal forum which Plaintiffs now voluntarily eschew.  Even so, the Court does not order that some appropriate portion of litigation costs and associated attorneys' fees be awarded to Defendant.  Plaintiffs' case was meritorious enough to be heard by the Supreme Court, and no provision by the statute or contractual provision entitles the Defendant to fees.  Therefore, both by operation of the "American Rule," Fleischmann Distilling Corp. v. Maier Brewing Co., 87 S. Ct. 1404, 1406-1407 (1967), and discretion of the Court, Westlands, 100 F. 3d at 98, each side shall bear its own costs and fees.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all remaining claims before the Court pursuant to Fed. R. Civ. P. 41(a)(2).  All pending motions for summary judgment are DENIED as moot.  The parties are ORDERED to file a joint statement within 30

---

[1] Insofar as the Defendant argues the Court retains jurisdiction, the Court is inclined to agree but does not reach the issue.

days of the issuance of this order if any matter still requires the attention of this Court.

IT IS SO ORDERED.

Dated: July 20, 2015



UNITED STATES DISTRICT JUDGE